*JABEZ D. HAMMOND *et al.,* adm'rs of Joshua Tuffs, [*115] dec'd, agt. ORRIN E. HARRIS and CHARLES HARRIS.

A judgment, entered on a cognovit given by an attorney who appeared for two defendants copartners, binds the individual property of each defendant, where the suit was commenced by declaration on a promissory note, executed by one of the defendants in the name of the firm, and service of declaration made on that defendant only, who employed an attorney to appear for both defendants in the suit, and to give a cognovit therein.

A *scire facias* may be executed regularly, by directing it to the sheriff of the county where the venue in the original judgment appears to have been laid, although the defendants reside in this state, but not in the county where the venue is laid.

A defendant must swear to merits, if he seeks relief, whether on an original judgment or on *scire facias.*

*April Term,* 1846

MOTION by defendant Orrin E. Harris to set aside a judg-

Hammond agt. Harris.

ment and execution against him, and a judgment on *sci. fa.* against him and Charles Harris.

The defendants were copartners in trade in the town of Schroon, Essex county; commenced their business in 1835, under the firm of C. Harris & Co., and dissolved by mutual consent in the summer of 1837. Afterwards Orrin E. Harris sold out all his interest in the business to Charles Harris, who assumed to pay all the liabilities and debts of the firm. Previous to March, 1837, the firm of C. Harris & Co. purchased goods and merchandise of Joshua Tuffs, who was then a merchant in the city of Albany, and on the 10th March, 1837, there was a balance due from the firm to Tuffs, of $1,560.87, for the payment of which, Charles Harris then gave a promissory note, signed " C. Harris & Co." On the 3d day of November, 1837, Charles Harris informed Tuffs, that he had become the purchaser of the interest of Orrin E. Harris in the partnership business, and had agreed with Orrin E. Harris to pay all debts and liabilities of the firm. Tuffs then requested a judgment to be given on the note, to which Charles Harris assented, and they called on an attorney for that purpose, who informed them it would be necessary to commence a suit on the note, against both the members of the firm, in order to bind the property of Orrin E. Harris; and that Charles Harris might employ an attorney, after the service of a copy of the declaration in the suit upon him, and authorize the attorney to appear and give a cognovit for both defendants, if there was no dispute about the amount due. Accordingly a declaration was made out against both defendants and filed and a copy served on Charles Harris on the 3d of November, 1837, who thereupon employed an attorney to appear for both defendants in the suit, and directed the attorney to give a cognovit in the suit for the amount due on the note. Accordingly a cognovit was given by defendant's attorney, and a judgment thereupon entered by plaintiffs' attorney, [*116] for $1,668.36 *damages and costs against both defendants, and docketed Nov. 3, 1837. On the 14th of November, 1844, Joshua Tuffs died, and Jabez D. Hammond

and Amos Dean (the plaintiffs) were in February, 1844, appointed administrators of his estate. It appeared that the administrators were not informed of the existence of this judgment until the month of September last; they then learned that the judgment was unsatisfied, and that no execution had been issued upon it, and that the judgment would have to be revived in the name of the administrators, in order to issue an execution. The attorney for the administrators, on inquiry, not ascertaining the residence of the defendants, issued a writ of *scire facias* to the sheriff of Albany county (where the venue in the original declaration was laid), who returned that the defendants could not be found in his bailiwick, and had no dwelling house within the county. At the last October term of this court, plaintiffs' attorney procured an order for publication in the state paper; at the expiration of the publication of the rule for the defendants to appear and plead, plaintiffs' attorney entered default and rule for judgment and execution, and on the 30th of December last perfected and filed judgment record on the *scire facias*, and on the 31st day of January last issued execution to the sheriff of Washington county. Plaintiffs' attorney stated that he did not find out where defendants resided, until a short time after the entry of judgment on the *scire facias*.

Orrin E. Harris stated that he never knew any thing about the note or judgment, nor the judgment on *sci. fa.* in any way or manner whatever, until called upon by the deputy sheriff of Washington county, in February last, with an execution against him in favor of the plaintiffs in this suit; he also denied ever giving any authority to any one to execute the note, or to give a cognovit for him upon it.

Charles Harris stated that he never knew, heard or supposed, until a few days previous, that a judgment had been obtained in favor of Tuffs on the note against him and Orrin E. Harris; no execution was ever issued on the judgment previous to 1846.

He also stated that he resided in Schroon, in the county of Essex, until 1839, when he removed to Sandy Hill, Washing-

ton county, where he had ever since resided ; that no writ of *scire facias* or notice or proceeding whatever to revive the judgment was ever served on him, and he knew nothing of any such proceedings until in February last. He also stated that he owned real estate, more than sufficient in value to pay and satisfy the claim in this suit.

Defendants' counsel moved to set aside the judgment as against Orrin E. Harris, or that he be allowed to [*117] come in and defend. Also to set *aside the proceedings on the *scire facias* as irregular, on the ground that the defendants resided in this state, at the time of publication of the notice, and should have been personally served with the *scire facias.*

O. CLARK, *defendants' counsel.*

H. B. NORTHRUP, *defendants' attorney.*

JOHN NEWLAND, *plaintiffs' counsel and attorney.*

BEARDSLEY, Justice. The original debt was due from both the defendants to the deceased (Tuffs), and as an attorney appeared for them, and confessed judgment, that is regular. The judgment on *scire facias* is also regular. It is not suggested that the attorney who confessed the judgment is irresponsible, so that the parties can have no adequate remedy against him, if he acted without authority ; nor are merits sworn to. It is not pretended that any defence could be made, if the parties were now let in to plead to the original action, or to the *scire facias.* Both judgments being regular and no defence sworn to, the motion must be denied with costs. Rule accordingly.